FRANKLIN INSTITUTION FOR SAVINGS, by its Receiver, *vs.* THE PEOPLE'S SAVINGS BANK *et als.*

Conveyance by deed to A., B., and C., in trust; for them " or other the trustees hereunder for the time being, to take charge and possession of said trust estate and to hold the same for the sole use " of the *cestuis*, with power to them " or the survivors or survivor of them, or other the trustees or trustee hereunder for the time being, at any time and from time to time, in their or his discretion, and as soon as reasonably and profitably may be to sell, let, or lease the same," and in further trust for them " or the survivors or survivor of them, or other the trustees or trustee hereunder for the time being, to receive the proceeds of all sales or leases," to pay taxes, &c., "and the surplus to pay whenever and so often as it can conveniently be done to " the *cestuis:*

*Held,* that A., B., and C. took as joint tenants.

Courts incline to hold trustees joint tenants rather than tenants in common, to avoid inconvenience in administering the trust.

BILL IN EQUITY for the partition of realty, with an alternative prayer for the appointment of a new trustee.

In April, 1873, Josiah Chapin executed a mortgage deed of certain lands in Providence to trustees, in order to secure his notes held by certain savings banks. After default in the conditions of the mortgage, the trustees sold these lands, and Robert Knight became the purchaser in the interest of the holders of the notes. January 1, 1877, Knight executed an indenture conveying the lands to three trustees in trust for the holders of the notes, who were the Franklin Institution for Savings or its Receiver, the Cranston Savings Bank or its Receiver, the People's Savings Bank, the City Savings Bank, and the Union Savings Bank. Two of these trustees died, and the third wished to resign the trust. Whereupon the Franklin Institution for Savings and its Receiver filed a bill in equity against its fellow *cestuis* and the surviving trustee, asking that the trust be terminated and the trust realty divided, with an alternative prayer for the appointment of a new

trustee. One of the respondents objected to the bill on the ground that under Pub: Stat. R. I. cap. 172, § 1, Knight's indenture of trust conveyed an estate in common, not a joint tenancy, and that the heirs and devisees of the deceased trustees were therefore necessary parties to the bill, and were not made parties respondent.

Pub. Stat. R. I. cap. 172, § 1, is as follows :

SECT. 1. All gifts, grants, feoffments, devises, and other conveyances of any lands, tenements, and hereditaments which shall be made to two or more persons, whether they be husband and wife or otherwise, and whether for years, for life, in tail or in fee, shall be taken, deemed, and adjudged to be estates in common and not in joint tenancy, unless it is or shall be therein expressly said that the grantees, feoffees, or devisees shall have or hold the same lands, tenements, or hereditaments as joint tenants or in joint tenancy, or to them and the survivors or survivor of them, or unless other words be therein used manifestly showing it to be the intention of the parties to such gifts, grants, feoffments, devises, or other conveyances that such lands, tenements, and hereditaments shall vest and be holden as joint estates and not as estates in common.

So much of Knight's deed as is involved in the respondents' objection is recited in the opinion of the court.

*January* 31, 1885. DURFEE, C. J. We do not think it is necessary for us to decide, in this case, whether the statute, Pub. Stat. R. I. cap. 172, § 1, extends to deeds of trust ; for, granting that it does, we think the deed here contains words " manifestly showing it to be the intention " to have the three grantees take as joint tenants. The deed here is to the grantees, their heirs, and assigns, to have and to hold " unto and to the use of them, their heirs, and assigns " in trust. The words which we think manifestly show an intention to have the grantees take as joint tenants follow, to wit: " In trust for the parties of the second part," *i. e.* the grantees, " or other the trustees hereunder for the time being, to take charge and possession of said trust estate, and to hold the same for the sole use," &c., of the *cestuis que trustent.* . . . " With power to the parties of the second part, or the survivors or survivor of them, or other the trustees or trustee hereunder for the time being, at any time and from time to time, in their or his

discretion, and as soon as reasonably and profitably may be to sell, let, or lease the same, together or in parcels, and by public or private sale. . . . And in further trust for the parties of the second part or the survivors or survivor of them, or other the trustees or trustee hereunder for the time being, to receive the proceeds of all sales or leases," &c., " and to pay therefrom all the taxes," &c., " and the surplus to pay whenever and so often as it can conveniently be done to " the *cestuis que trustent.*

Perhaps the clause first quoted affords no inference, but the words that succeed do, in our opinion, manifestly show an intention to have the trustees take as joint tenants, for otherwise the powers and the estate over which the powers are to be exercised may be partly disjoined, a result which, in the case of an estate conveyed in trust for others for whose benefit the powers are conferred, it is utterly unreasonable to suppose can have been intended. Moreover, the language, " the parties of the second part or the survivors *or survivor* of them, or *other* the trustees *or trustee,*" plainly indicates that it was in the mind of the settlor that the sole survivor might be the sole trustee. No reason can be conceived why the settlor should have wished not to have the estate and the powers survive together. Slighter indications will suffice in a trust deed than in other deeds to amount to a " manifest showing," because the courts are inclined to hold that trustees are joint tenants on account of the inconvenience resulting from their holding as tenants in common. Perry on Trusts, § 343. Our conclusion is that the estate is in the surviving trustee, and that therefore the heirs of the deceased trustees are not necessary parties.

*Thomas C. Greene & Raymond G. Mowry,* for complainant.
*James Tillinghast & Benjamin N. Lapham,* for respondents.